FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2016 NOV -4  PM 4: 16

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

JACKSONVILLE DIVISION

CASE NO.: 3:16 CV 1398-J-25 JBT

| | |
|---|---|
| SALLY PEREZ-CABAN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| WAL-MART STORES EAST, LP., | ) |
| a Delaware Limited Partnership, | ) |
| a/k/a and/or d/b/a as, | ) |
| WAL-MART STORES, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR DAMAGES
### *(Jury Trial Demanded)*

Plaintiff, SALLY PEREZ-CABAN files this Complaint for Damages against Defendant, WAL-MART STORES EAST, L.P. also known as and/or doing business as WAL-MART STORES, INC. and would show this Honorable Court as follows:

## JURISDICTION AND VENUE

1.     This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the matter in controversy arose between citizens of different

1

states.

2.     Plaintiff is currently a resident of the State of Indiana and is otherwise sui juris.

3.     Defendant WAL-MART STORES EAST, LP is a limited partnership duly organized and existing under the laws of the State of Delaware. WAL-MART STORES EAST, LP is also does business under the name of and is known as WAL-MART STORES, INC.

4.     Said Defendant has an office and a place of doing business in the State of Florida, said location being at 174 Cypress Point Pkwy, Palm Coast, FL 32164 where said Defendant does business as WAL-MART STORE # 1182. Said Defendant is authorized to transact and does business within the State of Florida (including Flagler County, Florida) and transacts business in the State of Florida and, therefore, is subject to the jurisdiction of this Honorable Court by virtue of facts which will be set forth more fully below.

5.     Venue of this action is proper pursuant to 28 U.S. § 1391(b) (1) & (d) in the Middle District of Florida, Jacksonville Division since this is a negligence action for recovery of damages for personal injuries sustained by Plaintiff at Defendant's business location as stated above with Defendant conducting business statewide including within

6.     Defendant is indebted to Plaintiff in an amount which may be proved

upon the trial of this case to compensate for Plaintiff general and special damages, by virtue of the facts which will be set forth more fully below.

7.    At all times material herein, the Defendant owned, controlled and/or operated Wal-Mart # 1182 (hereinafter referred to as "the WAL-MART store"), located at 174 Cypress Point Pkwy, Palm Coast, FL 32164.

## FACTS GIVING RISE TO THIS ACTION

8.    This is a negligence action brought by Plaintiff to recover damages suffered as a result of the Defendant's failure to keep the premises of the Wal-Mart store in a safe condition, which ultimately caused Plaintiff to suffer personal injuries and related excruciating pain.

9.    On June 13, 2013 Plaintiff went to the Wal-Mart store and was a business invitee on said premises with the intention of purchasing goods and products from Defendant.

10.    On said date and at said time and place, as a result of Defendant's agents/employees caused a liquid spill and/or negligently failed to clean it causing Plaintiff to slip and fall.

11.    Plaintiff had no knowledge of the dangerous condition and because of its failure to post proper signage warning her of the dangerous condition, she had no opportunity to detect the danger. At all times relevant hereto, Plaintiff was in the exercise of due and ordinary care for her own safety.

3

12.     The area where Plaintiff slipped and fell was under the exclusive control of Defendant and the condition of the floor and the maintenance thereof were the sole responsibility of Defendant.

13.     Defendant either created the dangerous condition, knew or should have known of the dangerous condition on the floor before Plaintiff slipped and fell and the very least, said Defendant had either actual and/or constructive knowledge of the dangerous condition.

14.     The aforementioned fall and resulting personal injuries sustained by Plaintiff were directly and solely proximately caused by the negligence of Defendant, such negligence including but not limited to:

    a. Failing to maintain and keep the premises and approaches safe for invitees, including Plaintiff;

    b. Failing to take timely and appropriate steps to correct the dangerous condition that existed on the premises and/or cleaning-up the liquid spill which resulted in a foreseeable hazard of injury to invitees including Plaintiff;

    c. Failing to properly warn persons, including Plaintiff of the dangerous condition on the premises caused by the spill, when Defendant knew, or should have known, that a situation of danger existed to invitees including thereby;

d. Failing to take adequate precautions for the safety of invitees, including Plaintiff;

e. Failing to timely inspect and maintain the premises for the safety of invitees, including Plaintiff;

f. Failing to implement adequate policies and procedures for cleaning, inspection and maintenance of the premises for the safety of invitees, including Plaintiff and to prevent such conditions from occurring and/or remaining in the store;

g. Failing to properly supervise employees at the Wal-Mart store, thereby permitting the creation of a hazardous condition for invitees, including Plaintiff;

h. Failing to post adequate warning signs to alert invitees of the dangerous condition, including Plaintiff; and

i. Failing to exercise ordinary care.

15.     In responding to Defendant's invitation to enter the Wal-Mart store, Plaintiff entered the premises pursuant to an implied representation or assurance that the premises had been made ready and safe for her reception and Plaintiff expected that Defendant had exercised and would continue to exercise reasonable care to make the premises safe.

16.     Defendant maintained and/or created a dangerous and unsafe

condition which exposed patrons of the Wal-Mart store to undue harm, thereby failing in their duty to discover and either keep the premises safe from, or warn of, hidden dangers not readily observable to invitees, including Plaintiff, in the invitee's exercise of ordinary care.

17.    As a direct and proximate result of the aforementioned negligence of Defendant and the ensuing slip and fall, Plaintiff has sustained personal injuries (including but not limited any aggravation to pre-existing conditions) to both her body and mind, including but not limited to serious personal injuries to her body, said injuries being permanent in nature and duration.

18.    As a direct and proximate result of the aforementioned negligence of Defendant and the ensuing slip and fall, Plaintiff has incurred substantial medical and other expenses in treatment for said personal and she will continue to incur additional medical expenses for treatment for an indefinite period of time into the future, especially since her injuries are permanent in nature. Plaintiff is entitled to recover all reasonably incurred medical expenses and related expenses, past, present and future from Defendant.

19.    As a direct and proximate cause of the aforementioned negligence of Defendant and the ensuing slip and fall, Plaintiff has experienced great pain and suffering of body and mind, is still experiencing such physical pain and suffering and mental anguish and will continue to do so for the duration of her lifetime, said

personal injuries being permanent in both the nature and duration.

20.    As a direct and proximate cause of the aforementioned negligence of Defendant and the ensuing slip and fall, Plaintiff has experienced other personal injuries including but not limited to her loss of enjoyment of life and a diminution in her quality of life and will continue to do so for an indefinite period of time for which she is entitled to recover additional damages from Defendant.

21.    All of the personal injuries and damages experienced by Plaintiff were as a direct and proximate result of the aforementioned negligence of Defendant and its agents and employees. Defendant, WAL-MART is liable to Plaintiff in an amount sufficient to compensate Plaintiff for all of her personal injuries, damages and losses described above including both her general damages and her special damages.

WHEREFORE, Plaintiff demands:

a)    that Plaintiff be awarded general damages against Defendant for her personal injuries in an amount which may be proved upon the trial of this case including damages for her pain and suffering;

b)    that Plaintiff be awarded special damages against Defendant for her injuries in an amount which may be proved upon the trial of this case including for her medical bills and her loss of income;

c)    that Plaintiff have a trial by jury as to all issues;

d)      that the costs of this action be cast upon Defendant; and

e)      that Plaintiff have such other and further relief as this Honorable Court

deems just and proper.

                              Respectfully submitted,

                              Loren Law Group
                              100 South Pine Island Road
                              Suite 132
                              Plantation, Fl 33324
                              Phone:       (954) 585-4878
                              Facsimile:   (954) 585-4886
                              E-Mail:      JLoren@Lorenlaw.com

                              _____
                              James M Loren, Esquire
                              Florida Bar No.: 55409